1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11   DESHAWN SMITH,                  ) Case No. ED CV 13-0572-DFM
                                     )
12              Plaintiff,           )
                                     ) MEMORANDUM OPINION AND
13        v.                         ) ORDER
                                     )
14   CAROLYN W. COLVIN, Acting       )
     Commissioner of Social Security,)
15                                   )
                                     )
16              Defendant.           )
                                     )
17   _____)

18        Plaintiff Deshawn Smith ("Plaintiff") appeals the final decision of the

19   Administrative Law Judge ("ALJ") denying her applications for Social

20   Security disability benefits. This Court concludes that the ALJ properly found

21   that Plaintiff's substance abuse was a material, contributing factor to the ALJ's

22   determination of her disability. The Court therefore affirms the ALJ's decision

23   and this matter is dismissed with prejudice.

                                    **I.**

                    **FACTUAL AND PROCEDURAL BACKGROUND**

26        Plaintiff filed applications for Social Security Disability Insurance and

27   Supplemental Security Income benefits on November 23, 2005, alleging

28   disability beginning September 1, 2002. Administrative Record ("AR") 342-48.

1    An ALJ found that Plaintiff was not disabled. AR 36-43. Plaintiff filed a

2    complaint in this Court challenging the ALJ's determination. On June 10,

3    2009, this Court concluded that the ALJ failed to properly consider the

4    opinion of Plaintiff's treating physician, Dr. Ochuko Diamreyan, and reversed

5    and remanded with instructions for the ALJ to reconsider the severity of

6    Plaintiff's mental impairment. AR 298-311; Smith v. Astrue, No. ED CV 08-

7    1131-PLA, 2009 WL 1653032 (C.D. Cal. June 10, 2009).

8         The same ALJ held another hearing, and again Plaintiff was found not

9    disabled. AR 275-86.  Plaintiff filed another complaint in this Court

10   challenging the ALJ's second decision. On September 8, 2011, the Court

11   concluded that the ALJ: (1) again failed to properly consider Dr. Diamreyan's

12   opinion; (2) failed to properly set out Plaintiff's limitations and restrictions in

13   the residual functional capacity ("RFC") and in the hypothetical question

14   posed to the vocational expert; and (3) improperly rejected lay witness

15   testimony. The Court therefore reversed and remanded for the ALJ to consider

16   Plaintiff's RFC and disability status after crediting Dr. Diamreyan's opinion,

17   the lay witness testimony, and including all of Plaintiff's limitations. AR 644-

18   66; Smith v. Astrue, No. ED CV 10-633-PLA, 2011 WL 3962107 (C.D. Cal.

19   Sept. 8, 2011).

20        Plaintiff's case was re-assigned to a second ALJ, who, after a third

21   hearing, also found Plaintiff was not disabled on November 13, 2012. AR 621-

22   34. The ALJ found that Plaintiff had the following severe impairments: major

23   depressive disorder, severe with psychosis; and substance abuse. AR 627. The

24   ALJ also concluded that the impairments met or equaled Listings 12.04 and

25   12.09. AR 627. The ALJ further found that if Plaintiff "stopped substance

26   abuse," Plaintiff's depressive disorder would continue to cause more than a

27   minimal impact on her ability to perform basic work activities; however, her

28   symptoms would no longer be disabling. AR 628. The ALJ similarly found

1  that if Plaintiff stopped abusing substances, she would not have an impairment

2  or combination of impairments that meets or medically equals any of the listed

3  impartments. AR 629-30.

4       The ALJ found Plaintiff was less that fully credible, and concluded that

5  if she stopped abusing substances, she would have the RFC to perform a full

6  range of work at all exertional levels, but with certain non-exertional

7  limitations. AR 630-32. Although she had no past relevant work, the ALJ

8  found that she retained the RFC to perform work available in significant

9  numbers in the national economy. AR 633. Finally, the ALJ concluded that

10 because Plaintiff's substance abuse was a contributing factor material to the

11 determination of disability, she was not disabled. AR 633-34.

**II.**

**ISSUE PRESENTED**

14      The parties dispute whether the ALJ erred in finding that substance

15 abuse was a material, contributing factor, and thus that Plaintiff no longer met

16 or equaled the listing of impairments at step three of the sequential evaluation

17 process. See Joint Stipulation ("JS") at 5-16.

**III.**

**STANDARD OF REVIEW**

20      Under 42 U.S.C. § 405(g), a district court may review the

21 Commissioner's decision to deny benefits. The ALJ's findings and decision

22 should be upheld if they are free from legal error and are supported by

23 substantial evidence based on the record as a whole. 42 U.S.C. § 405(g);

24 Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d

25 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as

26 a reasonable person might accept as adequate to support a conclusion.

27 Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th

28 Cir. 2007). It is more than a scintilla, but less than a preponderance.

1  Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d

2  880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports

3  a finding, the reviewing court "must review the administrative record as a

4  whole, weighing both the evidence that supports and the evidence that detracts

5  from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720

6  (9th Cir. 1996). "If the evidence can reasonably support either affirming or

7  reversing," the reviewing court "may not substitute its judgment" for that of

8  the Commissioner. Id. at 720-21.

9                                      **IV.**

10  **THE ALJ PROPERLY DETERMINED THAT SUBSTANCE ABUSE**

11  **WAS A CONTRIBUTING FACTOR MATERIAL TO THE**

12  **DETERMINATION OF DISABILITY**

13        Plaintiff contends that the ALJ erred by finding that, if Plaintiff stopped

14  substance abuse, she would not have an impairment or combination of

15  impairments that meets or medically equals any of the listing impairments.

16  Specifically, Plaintiff contends that the ALJ erred in conducting its Drug

17  Addiction and Alcoholism ("DAA") analysis because the record does not

18  demonstrate the materiality of substance abuse. JS at 7.

19        Under the Social Security Act, "[a]n individual shall not be considered

20  disabled . . . if alcoholism or drug addiction would . . . be a contributing factor

21  material to the Commissioner's determination that the individual is disabled."

22  42 U.S.C. § 423(d)(2)(C). "The key factor in determining whether drug

23  addiction or alcoholism is a contributing factor material to the determination

24  of disability is whether an individual would still be found disabled if [he or she]

25  stopped using alcohol or drugs." Sousa v. Callahan, 143 F.3d 1240, 1245 (9th

26  Cir. 1998) (internal quotation marks and ellipsis omitted); see 20 C.F.R. §§

27  404.1535,  416.935 (explaining how the Commissioner determines whether

28  drug addiction or alcoholism is a contributing factor); see also Social Security

4

1  Ruling ("SSR") 13-2p, 2013 WL 621536 (explaining how the Commissioner

2  evaluates cases involving drug addiction and alcoholism).

3       The ALJ must first conduct the sequential five-step inquiry used to

4  evaluate disability "without separating out the impact of alcoholism or drug

5  addiction. If the ALJ finds that the claimant is not disabled under the five-step

6  inquiry, then the claimant is not entitled to benefits and there is no need to

7  proceed with the analysis under 20 C.F.R. §§ 404.1535 or 416.935."

8  Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001); see 20 C.F.R. §§

9  404.1520(a)(4), 416.920(a)(4); SSR 13-2p, 2013 WL 621536, at *5-7. If,

10 however, "the ALJ finds that the claimant is disabled and there is medical

11 evidence of his or her drug addiction or alcoholism, then the ALJ should

12 proceed under §§ 404.1535 or 416.935 to determine if" drug or alcohol abuse is

13 a contributing factor material to the disability determination. Bustamante, 262

14 F.3d at 955 (internal quotation marks and brackets omitted); see 20 C.F.R. §§

15 404.1535, 416.935; SSR 13-2p, 2013 WL 621536, at *5-7.

16      A two-step analysis is required to determine whether drug or alcohol

17 abuse is a material contributing factor. First, the ALJ must determine which of

18 the claimant's disabling limitations would remain if the claimant stopped using

19 drugs or alcohol. Second, the ALJ must determine whether the remaining

20 limitations would still be disabling. If so, then the claimant's drug addiction or

21 alcoholism is not a material factor to the determination of disability. 20 C.F.R.

22 §§ 404.1535(b)(2), 416.935(b)(2); Parra, 481 F.3d at 747. The claimant bears

23 the burden of proving that drug addiction and alcoholism are not contributing

24 factors material to his or her disability, in that he or she would remain disabled

25 if the drug and alcohol substance abuse ceased. Parra, 481 F.3d at 748.

26      Here, the ALJ found that Plaintiff's depressive disorder would continue

27 to cause more than a minimal impact on her ability to perform basic work

28 activities even if she ceased substance abuse. AR 628. However, the ALJ found

1   this remaining limitation would no longer meet the criteria of Listings 12.04 or

2   12.09. AR 629. The ALJ also concluded that the remaining limitation would

3   not be disabling because Plaintiff would retain an RFC for a full range of work

4   with certain non-exertional limitations. AR 630. Specifically, the ALJ found

5   that Plaintiff was not disabled because substance use "is a contributing factor

6   material to the determination of disability . . ." AR 634.

7        Plaintiff contends that the ALJ's decision is not properly supported

8   because he relied on Dr. David Glassmire's testimony at the hearing, which

9   was equivocal regarding the effect of Plaintiff's alcohol abuse on the

10  determination of disability. JS at 10-12. Dr. Glassmire testified "there's really

11  not a lot of information about how significant the alcohol use was during any

12  of the time period under question" and that "there is alcohol abuse indicated,

13  but there's no -- really no information I saw in the frequency or severity during

14  the relevant time period." AR 1133.

15       However, as the Commissioner points out, while Dr. Glassmire was

16  equivocal about the overall support for the frequency and severity of alcohol

17  abuse, Dr Glassmire referenced Dr. Diamreyan's diagnosis of Plaintiff with

18  alcohol abuse in May 2005 and again in January 2009. AR 1132-33 (citing AR

19  269, 469). These diagnoses are significant because this Court specifically

20  required the ALJ to credit Dr. Diamreyan's opinion on remand. AR 657, 666;

21  Smith, 2011 WL 3962107, at *8, *13. Further, a February 8, 2006 disability

22  determination indicated a history of alcohol abuse, although it noted that

23  Plaintiff reported in May 2005 to have been sober for five months. AR 142. At

24  the hearing in 2012, Plaintiff admitted she still drinks "probably some wine,"

25  although she said she did this only occasionally. AR 1142.

26       More importantly, even if this were insufficient support for an alcohol

27  abuse finding, the ALJ's finding was not limited to alcohol abuse. The ALJ

28  found that "substance abuse," not just alcohol abuse, was a contributing factor

1   material to the determination of disability. AR 628-34. There is ample evidence

2   supporting this determination; the record is replete with references to drug

3   abuse and in particular a history of crack cocaine abuse. See, e.g., AR 142,

4   222, 949, 952, 958, 977, 1056, 1085.

5       For example, in 2003, during a psychodiagnostic evaluation, Plaintiff

6   reported a history of substance abuse. AR 949. She said that her substance use

7   began at age 23, and included experimentation with "Dust, Cannabis,

8   Sherums, but she indicated her drug of choice was smoking Cocaine." AR 948-

9   49, 952. The evaluating psychologist concluded that Plaintiff had impressions

10  of neurocognitive deficits that were possibly due to her history of cocaine use.

11  AR 954. Plaintiff was diagnosed with cocaine dependence, but the

12  psychologist indicated it was in remission based on Plaintiff's statement that

13  she "got sober" in 1999. AR 952, 954.

14      During a May 2006 psychological evaluation, Plaintiff admitted past use

15  of crack cocaine, "pot," and speed. AR 222. Plaintiff also indicated she had

16  been arrested five times for "being under the influence, possession and spousal

17  abuse." AR 222, see also AR 1085, 1091. She denied at the time that she had

18  used heroin, LSD, or PCP. AR 222.

19      During a January 2009 psychological evaluation, Plaintiff said she "used

20  to use crack cocaine." AR 447. Regarding this admission, the evaluating

21  psychologist, Dr. Linda Smith, noted the following:

22      On her questionnaire she says she stopped a few years ago.  In

23      person when I ask her when is the last time she did crack she

24      pauses, she appears fairly clearly not to remember what she wrote

25      on the questionnaire and she seems actually trying to think of what

26      she "should" say. She finally says it was eight years ago. This is

27      obviously inconsistent. She said her drug of choice was crack but

28      when I ask her about marijuana she said she "tried" it. For PCP

1    she also "tried" it and for amphetamines she also "tried" it. She
2    only denies heroin.
3 AR 447.
4       Also in January 2009, Plaintiff admitted to a medical consultant that
5 four of her five children were taken from her due to her substance abuse and
6 that she was arrested six times for being under the influence. AR 1056-57. She
7 also admitted that she does not remember when she stopped using crack
8 cocaine. AR 1057.
9       In August 2010, Plaintiff again discussed her history of "daily" cocaine
10 use. AR 1085. She was diagnosed with cocaine abuse, but again the evaluating
11 doctor indicated it was in remission due to Plaintiff's statement that she
12 stopped - but this time Plaintiff said she last used in 2002. AR 1085-86. Also in
13 August 2010, she again discussed her cocaine use and said there were "a few
14 times" she unsuccessfully tried to cut down or stop using. AR 1091. In May
15 2011, she said she last used cocaine four years before. AR 1082.
16      Finally, during the hearing and despite her previous statements to the
17 contrary, Plaintiff denied using methamphetamine and marijuana. AR 1142.
18 She did admit that her "drug of trouble was crack cocaine," but stated that the
19 last time she thought she used it was 2002. AR 1142.
20      As mentioned, the ALJ found Plaintiff less than fully credible.[1] AR 630.
21 The ALJ specifically mentioned that "[t]reatment notes from [May 2011]
22 stated the claimant stopped using cocaine four years prior, which would be
23 roughly 2007," within the relevant period. AR 631. Notably, Plaintiff makes
24 no challenge to the credibility determination here.
25 ///
26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
27    [1]  Medical professionals made similar findings about Plaintiff's
   credibility. See, e.g., AR 445-47, 1056.
28

1    When considering the record as a whole, and given the extensive

2  evidence in the record regarding Plaintiff's history of drug and alcohol abuse,

3  the Court finds that there was substantial evidence to support the ALJ's finding

4  that Plaintiff did not meet her burden of proving that substance abuse is not a

5  contributing factor material to her disability, in that she would remain disabled

6  if the substance abuse ceased. Parra, 481 F.3d at 748. Plaintiff fails to

7  acknowledge, or even discuss, any of her own admissions or the evidence

8  detailed above supporting her substance abuse outside of the alcohol abuse

9  context. The ALJ reviewed all of the medical evidence in detail and correctly

10  found that substance abuse was a contributing factor material to the

11  determination of disability, and therefore Plaintiff is not entitled to relief.

12                                     **V.**

13                               **CONCLUSION**

14    For the reasons stated above, the decision of the Social Security

15  Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

16

17  Dated:   July 22, 2014

18  _____

19                              DOUGLAS F. McCORMICK
                               United States Magistrate Judge

20

21

22

23

24

25

26

27

28

9